UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Joaquin Wall, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:13-cv-2192-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| HRHH Hotel/Casino, LLC d/b/a Hard Rock Hotel & Casino, | ) |
| | ) |
| Defendant. | ) |

Pending before the Court is the case of *Wall v. HRHH Hotel/Casino, LLC*, (2:13-cv-2192-GMN-NJK). On September 18, 2014, the Court ordered that Defendant show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 36). On September 26, 2014, Defendant filed a Response. (ECF No. 38). For the reasons stated herein, the Court will remand this case to Clark County District Court.

**I.    BACKGROUND**

This action centers upon allegations that Plaintiff Joaquin Wall suffered severe bodily injury when an inebriated patron jumped onto him while he was swimming in the pool at the Hard Rock Hotel and Casino. (Compl. 2:25-28, ECF No. 1-1). Plaintiff claims that Defendant HRHH Hotel/Casino, LLC ("HRHH") was negligent in its operation and maintenance of the pool, which directly led to Plaintiff's injuries. (*Id*. at

3:1-16).  This case was originally filed in Clark County District Court on September 9, 2013. (*Id.* at 1).  On November 26, 2013, Defendant removed the case, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. 3:18-21, ECF No. 1).

Based on the allegations in the Complaint, Plaintiff seeks to recover general damages and special damages, each in excess of $10,000, as well as unspecified amounts for medical care, loss of life enjoyment, and attorneys' fees. (Compl. 4:7-20).

## II.    LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.   ANALYSIS

This Court has original jurisdiction over all civil actions in which the amount in controversy: (1) exceeds the sum or value of $75,000; and (2) is between citizens of different states. 28 U.S.C. § 1332(a).  As discussed *infra*, Defendant fails to establish that the amount in controversy exceeds $75,000, and therefore the Court will remand this action.

In its Response, Defendant asserts that this case satisfies the amount in controversy requirement because Plaintiff: (a) seeks medical costs in excess of $32,516.55 and (b) may request damages for future loss of wages.  The Court will

address each of these arguments in turn.

### a. Medical Costs

Defendant claims that Plaintiff is seeking at least $32,516.55 in medical costs. Indeed, Plaintiff's initial computation of damages directly states that Plaintiff has incurred $32,516.55 in medical expenses due to the incident at issue. (Pl.'s Initial Disclosures 5:8-14, ECF No. 38-1). Therefore the Court finds that Defendant has sufficiently demonstrated that Plaintiff is seeking at least $32,516.55.

### b. Future Loss of Wages

When asked during his deposition whether he will seek recovery for future lost wages, Plaintiff responded, "Possibly . . . who knows what the future holds?" (Dep. Of Pl. 17:7-11, ECF No. 38-3). Plaintiff then speculated that his "symptoms could get worse or come back." (*Id.* at 17:14-15). Based on these statements, Defendant indicates that it expects Plaintiff to seek recovery for future loss of wages and bring the total amount in controversy over $75,000.

However, there is no evidence on the record to indicate what amount Plaintiff might seek to recover if his symptoms return. Furthermore, Defendant has provided no evidence to show that there is any likelihood that Plaintiff will suffer a relapse. Thus, the Court finds that Defendant has failed to sufficiently demonstrate that it is likely that Plaintiff will seek damages for future lost wages in this case.

Therefore the evidence put forward by Defendant demonstrates only that Plaintiff is seeking $32,516.55—far below the $75,000 minimum required for diversity jurisdiction. Accordingly, the Court will remand this case.[1]

///

---

[1] Because Defendant has failed to carry its burden as to the amount in controversy, the Court need not determine whether complete diversity exists between Plaintiff and Defendant.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that that this action is remanded to Clark County District Court. The Clerk is instructed to close the case.

**DATED** this 21st day of November, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court